JENNIFER A. DEINES (MD SBN 0712110190)
Acting Deputy Special Counsel
C. SEBASTIAN ALOOT (SBN 68410)
Special Litigation Counsel
LISA R. SANDOVAL (NY SBN 5108865)
SEJAL P. JHAVERI (NY SBN 5396304)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Immigrant and Employee Rights Section
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 532-5736 (Sandoval)
(202) 305-7376 (Jhaveri)
(202) 616-5509 (Fax)
Lisa.Sandoval@usdoj.gov
Sejal.Jhaveri@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP, d/b/a SPACEX,<br><br>Respondent. | No.   2:21-mc-00043<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' APPLICATION FOR ORDER TO COMPLY WITH ADMINISTRATIVE SUBPOENA**<br><br><br>Date: TBD<br>Time: TBD<br>Ctrm: TBD |

1

## **<u>TABLE OF CONTENTS</u>**

2

<u>DESCRIPTION</u>                                                                                               <u>PAGE</u>

3

4

TABLE OF AUTHORITIES ............................................................ ii

5

I.     BACKGROUND ....................................................................1

6

II.    FACTS ...............................................................................3

7

III.   THIS COURT SHOULD ORDER SPACEX TO COMPLY WITH THE
       SUBPOENA AND ENFORCE OCAHO's PREVIOUSLY ISSUED ORDER ......6

8

9

       A.     IER's Investigation of SpaceX Is Well Within Its Statutory Authority to
              Investigate Possible Violations of 8 U.S.C. § 1324b, Including Any Pattern
              or Practice of Discrimination ....................................................7

10

11

       B.     IER Followed the INA's Relevant Procedural Requirements ......................8

12

       C.     The Subpoena Seeks Information That is Relevant to IER's Investigation ..9

13

       D.     The Subpoena Is Neither Overbroad Nor Unduly Burdensome, and SpaceX
              Fails to Prove That Compliance Would Disrupt its Normal Business
              Operations ....................................................................12

14

15

IV.    CONCLUSION....................................................................13

16

17

18

19

20

21

22

23

24

25

26

27

28

i

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acosta v. GT Drywall, Inc.*,
   2017 WL 3262109 (C.D. Cal. June 26, 2017) ................................................7

*EEOC v. Aaron Bros. Inc.*,
   620 F. Supp. 2d 1102 (C.D. Cal. 2009) .....................................................12

*EEOC v. Child.'s Hosp. Med. Ctr. of N. California*,
   719 F.2d 1426 (9th Cir. 1983) ...........................................................6, 12

*EEOC v. Fed. Express Corp.*,
   558 F.3d 842 (9th Cir. 2009)..........................................................6, 9, 12

*EEOC v. Karuk Tribe Hous. Auth.*,
   260 F.3d  1071 (9th Cir. 2001)..............................................................6, 9

*EEOC v. Shell Oil Co.*
   466 U.S. 54 (1984) ........................................................................9

*In Re Investigation of Creative Res. Personnel, Inc.*,
   12 OCAHO no. 1299 (2017), 2017 WL 1397557 (Apr. 6, 2017) .................................3

*In Re Investigation of Hyatt Regency Lake Tahoe*,
   5 OCAHO no. 751 (1995), 1995 WL 421698 (Apr. 10, 1995) ............................10, 11

*In Re Investigation of Space Exploration Technologies Corp. d/b/a SpaceX*,
   14 OCAHO no. 1378 (2020), 2020 WL 7319344 (Dec. 1, 2020) .......................passim

*In Re Tropicana Casino and Resort*,
   9 OCAHO no. 1060 (2000), 2000 WL 33113961 (Sept. 8, 2000) ........................12, 13

*In Re Investigation of Wal-Mart Distribution Ctr. # 6036*,
   5 OCAHO no. 788 (1995), 1995 WL 706043 (Aug. 3, 1995).....................................8

*McLane Co. v. EEOC*,
   137 S. Ct. 1159 (2017), *rev'd*, (Apr. 3, 2017) .................................................9

*NLRB. v. Kava Holdings, Inc.*,
   2017 WL 3841780, (C.D. Cal. Aug. 8, 2017)..........................................9, 13

*United States v. Mar-Jac Poultry, Inc.*,
   10 OCAHO no. 1148 (2012), 2012 WL 2950407 (Mar. 15, 2012)...............................8

*United States v. NHS Hum. Servs.*,
    10 OCAHO no. 1198 (2013), 2013 WL 4502693 (Aug. 16, 2013)…………………….6

**Federal Statutes**

8 U.S.C. § 1324b……………………………………………………………………….passim

**Federal Regulations**

8 C.F.R. § 274a.2(b)(3) ………………………………………………………………10, 13

28 C.F.R. § 68.25 …………………………………………………………………………2, 8

28 C.F.R. § 68.6 ……………………………………………………………………………5

28 C.F.R. § 44.302 ………………………………………………………………………2, 10

**Other**

About E-Verify, https://www.e-verify.gov/ (last visited Jan. 25, 2021)……………...…4

## MEMORANDUM IN SUPPORT OF UNITED STATES' APPLICATION FOR ORDER TO COMPLY WITH ADMINISTRATIVE SUBPOENA

Petitioner, the United States of America, through the U.S. Department of Justice attorneys listed below, respectfully submits this memorandum in support of its Application for an order requiring Space Exploration Technologies Corp. d/b/a SpaceX ("SpaceX") to comply with Investigatory Subpoena No. 2021S00001 ("Subpoena"). The Subpoena was issued by the Office of the Chief Administrative Hearing Officer ("OCAHO"), an administrative tribunal within the U.S. Department of Justice, Executive Office for Immigration Review.

SpaceX has repeatedly refused to obey the lawfully-issued Subpoena and OCAHO's order to comply with it. OCAHO thoroughly analyzed and rejected all the arguments SpaceX raised in its Petition to Modify or Revoke the Subpoena. Nevertheless, because SpaceX has refused to comply with OCAHO's order, the United States has no alternative but to seek redress from this Court.

### I.     Background

The Immigrant and Employee Rights Section ("IER"), part of the Civil Rights Division of the U.S. Department of Justice and formerly known as the Office of the Special Counsel for Immigration-Related Unfair Employment Practices, enforces the anti-discrimination provision of the Immigration and Nationality Act ("INA"). *See* Unfair Immigration-Related Employment Practices, 8 U.S.C. § 1324b (1986).

The INA's anti-discrimination provision prohibits citizenship status and national origin discrimination in hiring, firing, or recruitment or referral for a fee. *Id.* § 1324b(a)(1). The provision also prohibits "unfair documentary practices," which occur when an employer, as part of the employment eligibility verification ("EEV") process, requests more or different documents than are required to prove eligibility to work in the United States, or rejects an employee's documents that reasonably appear genuine, because of the employee's citizenship status or national origin. *Id.* § 1324b(a)(6). The EEV process, which is governed by a separate provision of the INA that the Department

1

of Homeland Security enforces, 8 U.S.C. § 1324a(b), requires employers to verify that individuals they hire are eligible to work in the United States, by completing and maintaining the Employment Eligibility Verification Form ("Form I-9").  The Form I-9 includes two sections that must be completed at the time of hire and an attached List of Acceptable Documents that identifies the documents that employees can choose to show employers to demonstrate their identity and employment eligibility.  Employees complete section 1 of the Form I-9, which collects basic background information and requires the employee to identify and attest to his or her citizenship status (e.g., U.S. citizen, lawful permanent resident, or alien authorized to work) under penalty of perjury.  Employers complete section 2 of the Form I-9, attesting under penalty of perjury that they reviewed original document(s) chosen and presented by the employee establishing the employee's identity and employment eligibility.  Thus, unfair documentary practices prohibit employers from discriminating against employees in the EEV process because of their citizenship status or national origin.

The INA explicitly grants IER "reasonable access to examine evidence of any person or entity being investigated." *Id.* § 1324b(f)(2); Unfair Immigration-Related Employment Practices, 28 C.F.R. § 44.302(c) (2017).  The statute authorizes IER to obtain a subpoena in aid of an investigation by applying to an administrative law judge at OCAHO, who issues the subpoena to IER for service upon the investigated entity.  8 U.S.C. § 1324b(f)(2); *see also* Rules of Practice and Procedure for Administrative Hearings before Administrative Law Judges in Cases Involving Allegations of Unlawful Employment of Aliens, Unfair Immigration-Related Employment Practices, and Document Fraud, 28 C.F.R. § 68.25(a) (2005).  If the entity being investigated fails to comply with a subpoena, the administrative law judge, through counsel for the United States, may apply to the appropriate district court of the United States for an order requiring compliance with the subpoena.  8 U.S.C. § 1324b(f)(2); 28 C.F.R. § 68.25(e) (the administrative law judge may "apply through appropriate counsel" to the district court for an order requiring compliance with the subpoena); *see also In Re Investigation*

1  *of Creative Res. Personnel, Inc.*, 12 OCAHO no. 1299, 2 (2017), 2017 WL 1397557, at
2  *1 (Apr. 6, 2017) (noting that, for subpoenas issued pursuant to an IER investigation,
3  counsel for IER, rather than the administrative law judge, makes the actual application
4  for enforcement to the appropriate district court).

5  ## II.  Facts

6      On May 29, 2020, IER accepted a complaint of employment discrimination, also
7  referred to as a charge, from a non-U.S. citizen ("Charging Party") alleging that SpaceX
8  discriminated against him based on his citizenship status.  Sandoval Decl. ¶ 2; IER June
9  8, 2020 Letter, Sandoval Decl. Ex. 1, at 1.  Specifically, the charge alleges that on or
10  about March 10, 2020, during the Charging Party's interview for the position of
11  Technology Strategy Associate, SpaceX made inquiries about his citizenship status and
12  ultimately failed to hire him for the position because he is not a U.S. citizen or lawful
13  permanent resident, in violation of 8 U.S.C. §§ 1324b(a)(1) and (a)(6).  Sandoval Decl. ¶
14  2; Sandoval Decl. Ex. 1, at 1.  IER notified SpaceX by email on June 8, 2020, that it had
15  opened an investigation, and requested that SpaceX provide information and documents
16  relating to its hiring and EEV process.  Sandoval Decl. Ex. 1, at 1.  The letter also stated,
17  "IER's investigation is not . . . limited only to the specific allegations and/or claims that
18  [the Charging Party] made in the charge summarized above.  Our investigation therefore
19  may also explore whether [SpaceX] engages in any pattern or practice of discrimination
20  that 8 U.S.C. § 1324b prohibits."  *Id*.  One of the requests contained in IER's notice of
21  investigation specifically requested an Excel spreadsheet with all available Form I-9 data
22  since June 1, 2019, and "copies of any supporting documentation, and all attachments,
23  organized chronologically."  *Id*. at 6.  The letter provided a deadline of June 22, 2020,
24  for SpaceX to provide the information.  *Id*.

25      After IER gave SpaceX several extensions of time to provide the requested
26  information, SpaceX produced to IER a Form I-9 spreadsheet on August 28, 2020.
27  Sandoval Decl. ¶ 4; SpaceX August 30, 2020 Email, Sandoval Decl. Ex. 2.  The
28  spreadsheet contains the information provided on the Form I-9 for SpaceX employees

1  since June 2019; however, SpaceX refused to produce any Form I-9 supporting

2  documentation, such as copies of employees' passports, driver's licenses, or Social

3  Security cards, as requested.  Sandoval Decl. ¶ 4; Sandoval Decl. Ex. 2.  Despite IER's

4  efforts to obtain the information via numerous emails, letters, and telephone calls to

5  SpaceX between August 28, 2020, and early October 2020, SpaceX refused to provide

6  any Form I-9 supporting documentation.  Sandoval Decl. ¶ 5.

7          On October 7, 2020, IER obtained the Subpoena from OCAHO Administrative

8  Law Judge ("ALJ") Jean King.  Sandoval Decl. ¶ 6; OCAHO Subpoena, Sandoval Decl.

9  Ex. 3.  The Subpoena required SpaceX to email IER the documents described in

10  Attachment A to the Subpoena by October 22, 2020.  Attachment A provided

11  instructions and definitions and sought, "[f]or each Form I-9 listed in the Excel

12  spreadsheet that [Respondent] produced on August 28, 2020, . . . copies of (1) any and

13  all attachments to the Form I-9, (2) any E-Verify[1] related printouts or other E-Verify

14  document related to the Form I-9, and (3) any employment eligibility verification

15  documentation related to the Form I-9."  Sandoval Decl. Ex. 3.  IER served SpaceX with

16  the Subpoena on October 9, 2020, and SpaceX received it on October 12, 2020.

17  Sandoval Decl. ¶ 7; IER Return of Service and Corresponding Tracking, Sandoval Decl.

18  Ex. 4.  After serving the Subpoena, IER once again met and conferred with SpaceX on

19  October 20, 2020.  Sandoval Decl. ¶ 8.  At the meeting, SpaceX counsel asked some

20  clarifying questions about the Subpoena, which IER answered, but SpaceX refused to

21  provide the subpoenaed documents, even after IER offered to allow SpaceX to produce

22  them over an extended period of time.  *Id*.

23          On October 26, 2020, SpaceX filed with OCAHO its Petition to Modify or

24  Revoke OCAHO Subpoena Duces Tecum ("Petition to Modify or Revoke"), arguing that

25

26          [1] E-Verify is a web-based system administered by the Department of Homeland
    Security that allows enrolled employers to confirm the eligibility of their employees to
27  work in the United States.  About E-Verify, https://www.e-verify.gov/ (last visited Jan.
    25, 2021).
28

the Subpoena exceeds the scope of IER's authority, is insufficiently definite, is not relevant to IER's investigation, and is unduly burdensome.  Sandoval Decl. ¶ 9; SpaceX Petition to Modify or Revoke Subpoena, Sandoval Decl. Ex. 5, at 20.  IER timely filed its Opposition on November 1, 2020, pursuant to 28 C.F.R. § 68.6(a),(c).[2]  Sandoval Decl. ¶ 10; *see generally* IER Opposition to Modify or Revoke Subpoena, Sandoval Decl. Ex. 6.

In an order issued on December 1, 2020, OCAHO denied SpaceX's Petition to Modify or Revoke and ordered SpaceX to comply with the Subpoena.  Sandoval Decl. ¶ 11; Dec. 1 OCAHO Order, Sandoval Decl. Ex. 7; *see generally In Re Investigation of Space Exploration Technologies Corp. d/b/a SpaceX*, 14 OCAHO no. 1378, 2020 WL 7319344 (2020).  OCAHO held that (1) IER's investigation of SpaceX is within IER's statutory authority, (2) the Subpoena is not too indefinite, and (3) the Subpoena is reasonably and directly relevant to IER's investigation.  Sandoval Decl. Ex. 7, at 61-63; *SpaceX*, 14 OCAHO no. 1378 at 3-5 (2020), 2020 WL 7319344 at *2-*4.  OCAHO rejected SpaceX's argument that the Subpoena is unduly burdensome, as SpaceX did not meet its heavy burden of proving that complying with the Subpoena would disrupt its normal business operations.  OCAHO ordered SpaceX to comply with the Subpoena within 14 days of the date of the order and authorized IER, without further application to OCAHO, to seek enforcement of the Subpoena in the appropriate district court in the event of SpaceX's non-compliance.  Sandoval Decl. Ex. 7, at 63;  *SpaceX*, 14 OCAHO no. 1378 at 5 (2020), 2020 WL 7319344 at *4.

On December 11, 2020, SpaceX acknowledged receipt of OCAHO's order but notified IER that it "does not intend to produce any additional information in response to the administrative subpoena."  SpaceX Dec. 11, 2020 Letter, Sandoval Decl. Ex. 8, at 65.  As of the date of this Application, SpaceX has failed to comply with any part of

---

[2] On November 19, 2020, per SpaceX's request, IER held a teleconference with SpaceX in an effort to obtain compliance with the Subpoena, but SpaceX again refused to commit to producing the documents the Subpoena seeks.

1  OCAHO's order.  Sandoval Decl. ¶ 13.

2  **III.   This Court Should Order SpaceX to Comply with the Subpoena and**

3  **Enforce OCAHO's Previously Issued Order**

4  This Court should order SpaceX to comply with the Subpoena because, as

5  OCAHO ruled: (1) IER has authority to investigate SpaceX, (2) IER followed proper

6  procedural requirements, (3) the evidence sought by the Subpoena is directly relevant to

7  IER's investigation, and (4) the Subpoena is not unduly burdensome.

8  A district court's scope of inquiry in agency subpoena enforcement is limited to

9  whether (1) Congress granted the agency the authority to investigate; (2) procedural

10  requirements have been followed; and (3) the evidence is relevant and material to the

11  investigation.  *EEOC v. Fed. Express Corp.,* 558 F.3d 842, 848 (9th Cir. 2009).  Once

12  this showing has been made, the district court must enforce the subpoena unless the party

13  being investigated shows the subpoena is overbroad or unduly burdensome.  *EEOC v.*

14  *Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (describing the test

15  established in *EEOC v. Child.'s Hosp. Med. Ctr. of N. California*, 719 F.2d 1426, 1428

16  (9th Cir. 1983)).  Applying a nearly identical test,[3] OCAHO has already found that IER

17  followed procedural requirements and that the documents sought in this Subpoena fall

18  within IER's investigative authority, are relevant to its investigation, and would not be

19  unduly burdensome for SpaceX to produce.  *See generally, SpaceX*, 14 OCAHO no.

20  1378, 2020 WL 7319344 (2020).[4]  As explained below, the Subpoena readily meets the

21  requirements for enforcement, and SpaceX cannot demonstrate that it is either overbroad

22  or unduly burdensome.

23

24

25  [3] Under OCAHO jurisprudence, an administrative subpoena is enforceable if 1)
   the investigation is within the statutory authority of the agency, 2) the subpoena is not
26  too indefinite, and 3) the information sought is reasonably relevant to the charge under
   investigation.  *See United States v. NHS Hum. Servs.*, 10 OCAHO no. 1198, 3 (2013),
27  2013 WL 4502693, at *2 (Aug. 16, 2013).

28  [4] OCAHO also denied SpaceX's Petition to Modify or Revoke the Subpoena
   because SpaceX untimely filed the Petition.

1    A.    IER's Investigation of SpaceX Is Well Within Its Statutory Authority to
2          Investigate Possible Violations of 8 U.S.C. § 1324b, Including Any Pattern
3          or Practice of Discrimination

4        IER's investigation of SpaceX is fully authorized – and, in fact, required – by law.
5    When courts analyze the first factor in the above-referenced test, they focus on whether a
6    specific statute authorizes the agency to investigate. *See Acosta v. GT Drywall, Inc.*,
7    2017 WL 3262109, at *2-3 (C.D. Cal. June 26, 2017) (finding that "Congress has
8    granted Petitioner the statutory authority to issue the Subpoena in connection with its [ ]
9    investigation"). IER's investigation of SpaceX falls squarely within its broad statutory
10   authority to investigate allegations of citizenship discrimination in hiring and unfair
11   documentary practices. *See* 8 U.S.C. § 1324b(c)(2) (making IER responsible for the
12   "investigation of charges and issuance of complaints under [8 U.S.C. § 1324b]"). Here,
13   IER is investigating the Charging Party's charge alleging that SpaceX discriminated
14   against him based on his citizenship status, and whether SpaceX engages in a pattern or
15   practice of citizenship status discrimination in hiring or unfair documentary practices, in
16   violation of 8 U.S.C. §§ 1324b(a)(1) and (a)(6). IER is statutorily mandated to
17   investigate charges received, like the Charging Party's. 8 U.S.C. § 1324b(d)(1) ("The
18   Special Counsel shall investigate each charge received."). IER also has authority under
19   the statute to investigate potential violations of § 1324b on its own initiative, including
20   where no charge is filed. 8 U.S.C. § 1324b(d)(1) ("The Special Counsel may, on his
21   own initiative, conduct investigations respecting unfair immigration-related employment
22   practices."). Regardless of whether it is investigating a charge or acting on its own
23   initiative, or both, IER clearly has the statutory authority to investigate potential
24   violations of 8 U.S.C. § 1324b like the ones at issue here.

25       OCAHO caselaw supports IER's broad authority to investigate potential
26   discrimination. In fact, OCAHO rejected SpaceX's argument that IER exceeded the
27   scope of its statutory authority by seeking Form I-9 supporting documentation that was
28   unrelated to the Charging Party's allegations. In its Petition to Modify or Revoke the

7

Subpoena, SpaceX argued that IER's statutory authority was limited to investigating the allegations made by the Charging Party. Sandoval Decl. Ex. 5, at 31. However, OCAHO ruled that its caselaw and the broad statutory language of 8 U.S.C. § 1324b(d)(1) clearly give IER the authority to investigate beyond a charging party's allegations. *See SpaceX*, 14 OCAHO no. 1378 at 3, 2020 WL 7319344, at *2 (2020) ("Therefore, the investigation of [SpaceX's] potential pattern or practice of citizenship status discrimination is within IER's scope of authority."); *see also United States v. Mar-Jac Poultry, Inc.*, 10 OCAHO no. 1148, 7-8 (2012), 2012 WL 2950407, at *6 (Mar. 15, 2012) (*citing In Re Investigation of Wal-Mart Distribution Ctr. # 6036*, 5 OCAHO no. 788, 551 (1995), 1995 WL 706043, at *2 (Aug. 3, 1995)). Therefore, IER's investigation is within the applicable statutory authority. 8 U.S.C. § 1324b(f)(2).

> B.   IER Followed the INA's Relevant Procedural Requirements

IER followed the proper procedural requirements in obtaining, serving, and seeking enforcement of the Subpoena. IER followed the INA's procedures authorizing IER to obtain a subpoena for the production of evidence by applying to OCAHO. 8 U.S.C. § 1324b(f)(2); *see also* 28 C.F.R. § 68.25(a). After properly obtaining the Subpoena from OCAHO that required SpaceX to produce the requested documents by October 22, 2020, IER complied with relevant regulatory service requirements by serving the Subpoena on SpaceX via FedEx overnight service, which SpaceX received on October 12, 2020. *See* 28 C.F.R. § 68.25(a) ("A subpoena may be served by overnight courier service or overnight mail, certified mail, or by any person who is not less than 18 years of age."). Subsequently, SpaceX filed its Petition to Modify or Revoke the Subpoena. On October 30, 2020, IER timely filed an Opposition to SpaceX's Petition to Modify or Revoke the Subpoena. Finally, OCAHO's order expressly granted IER authority to seek enforcement of the Subpoena in the appropriate district court without further application to OCAHO pursuant to 8 U.S.C. § 1324b(f)(2). *See also* 28 C.F.R. § 68.25(e). Accordingly, all relevant procedural requirements have been met.

C.   <u>The Subpoena Seeks Information That is Relevant to IER's Investigation</u>

The Form I-9 supporting documents the Subpoena seeks are highly relevant to IER's investigation, as they are critical to assessing whether SpaceX violated 8 U.S.C. § 1324b.  The Ninth Circuit has emphasized that a court's evaluation of the relevance requirement related to enforcement of an administrative subpoenas is "not especially constraining," and the subpoena must be enforced unless the information sought is "plainly incompetent or irrelevant to any lawful purpose of the agency." *Karuk*, 260 F.3d at 1076 (internal quotation marks omitted).  Indeed, the Ninth Circuit has instructed that the term "relevant" is "generously construed" to "afford [agencies] access to virtually any material that might cast light on the allegations against the employer." *Fed. Express Corp.*, 558 F.3d at 854 (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 69 (1984)). Moreover, this Court has found that "[i]n defining relevance, courts generally defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." *NLRB v. Kava Holdings, Inc.*, 2017 WL 3841780, at *3 (C.D. Cal. Aug. 8, 2017).  Courts must also be careful not to use a subpoena enforcement proceeding to "test the strength of the underlying complaint." *See McLane Co. v. EEOC*, 137 S. Ct. 1159, 1165, (2017).

The Subpoena seeks information that is plainly relevant to IER's investigation, as both IER and OCAHO have already determined.  IER has repeatedly informed SpaceX that it is investigating whether the company engages in any pattern or practice of citizenship status discrimination in hiring or unfair documentary practices, as well as the Charging Party's allegations, in violation of 8 U.S.C. §§ 1324b(a)(1) and (a)(6). SpaceX's Form I-9 supporting documents, which employees produced to the company as evidence of their identity and employment eligibility, are necessary to investigate and evaluate: (1) proof of the citizenship status of the individuals that SpaceX has hired, which may not be accurately reflected on the Form I-9 itself; (2) whether such new hires are individuals that are protected from citizenship status discrimination under 8 U.S.C. § 1324b(a)(3); (3) proof of what documentation individuals presented to demonstrate

their identity and employment eligibility, which may not be completely or accurately reflected on the Form I-9 itself; and (4) any communications about or information related to such documentation.  The subpoenaed documents are thus highly relevant because they demonstrate, among other things, the extent to which SpaceX hires non-U.S. citizens and may reveal whether or not it is engaging in a pattern of not hiring them due to their citizenship status.  The documents also enable IER to identify potential victims of citizenship status discrimination and reveal trends in document collection during the employment eligibility verification process that may support an unfair documentary practices claim, which may not be apparent on the Forms I-9 themselves.  Indeed, it is hard to imagine information more relevant to an unfair documentary practices investigation (which typically involves an employer asking new hires for more documents than necessary to complete the Form I-9 due to their citizenship status) than the Form I-9 supporting documentation of recent hires.  Not surprisingly, OCAHO agrees with IER, finding that Forms I-9 and supporting documents are "unequivocally relevant" to IER investigations of discrimination or unfair documentary practices.  *See In Re Investigation of Hyatt Regency Lake Tahoe*, 5 OCAHO no. 751 at 243 (1995), 1995 WL 421698, at *4 (Apr. 10, 1995).

In fact, the Form I-9 and supporting documentation are so relevant to IER investigations that IER is explicitly entitled to such information by law.  Pursuant to statute and regulation, entities must make their Forms I-9 available to IER for inspection, including copies, if made, of the documents individuals present for section 2.  8 U.S.C. § 1324a(b)(3),(4); 28 C.F.R. § 44.302(b); Verification of Identity and Employment Authorization, 8 C.F.R. § 274a.2(b)(3) (June 18, 2020) ("An employer . . . may . . . copy or make an electronic image of a document presented by an individual [and, if made], it must either be retained with the Form I–9 or stored with the employee's records and be retrievable . . . .").

In its Petition to Modify or Revoke the Subpoena, SpaceX argued that the information sought by the Subpoena is irrelevant because it goes beyond the allegations

10

made by the Charging Party, and IER is limited to investigating the allegations in the charge.  But SpaceX's argument relied exclusively on caselaw interpreting the scope of the Equal Employment Opportunity's Commission's ("EEOC") authority to investigate violations of Title VII of the Civil Rights Act of 1964.  OCAHO, in rejecting SpaceX's arguments, rightly noted that SpaceX's reliance on such cases was "misplaced" given that, unlike the EEOC, IER does not need a charge alleging a pattern or practice to investigate a potential pattern or practice of discrimination.  *See SpaceX*, 14 OCAHO no. 1378 at 4 (2020), 2020 WL 7319344 at *3.  Instead, as noted above, "§ 1324b(d)(1) confers *independent* authority upon IER to investigate unfair immigration-related employment practices."  *See SpaceX*, 14 OCAHO no. 1378 at 4 (2020), 2020 WL 7319344 at *3 (emphasis added).  Therefore, SpaceX's arguments miss the breadth of IER's independent investigation authority and improperly limit relevance in a § 1324b investigation to a charging party's allegations.  *Id.*; *Hyatt*, 5 OCAHO no. 751 at 241-243 (1995), 1995 WL 421698, at *4 (1995) (upholding subpoena regarding an employer's general employment practices even though investigation stemmed from an individual's charge).

SpaceX plainly understands the relevance of the Forms I-9 since it has already provided them to IER, albeit after much delay and without the necessary supporting documentation.  SpaceX cannot reconcile the fact that it effectively conceded the relevance of the Forms I-9, on the one hand, with its attempt to argue that an inextricable part of the Forms I-9 (their supporting documentation) is somehow irrelevant to IER's investigation, on the other.  This illogical and inconsistent argument must fail.  The Subpoena simply seeks the attachments for the Form I-9 data that SpaceX has already produced, which OCAHO has previously stated are relevant to IER's investigations, including those assessing whether an employer has engaged in citizenship status discrimination and/or unfair documentary practices.

1

2

3

D.   <u>The Subpoena Is Neither Overbroad Nor Unduly Burdensome, and SpaceX</u>
<u>Fails to Prove That Compliance Would Disrupt its Normal Business</u>
<u>Operations</u>

4 SpaceX cannot meet its heavy burden of establishing that the Subpoena is overly

5 broad or unduly burdensome.  As IER easily satisfies the criteria for enforcing the

6 Subpoena, the burden shifts to SpaceX to prove that the Subpoena is overbroad or

7 unduly burdensome.  *Child.'s Hosp. Med. Ctr.*, 719 F.2d at 1428.  That burden is

8 "difficult to meet," and SpaceX must prove that compliance would "unduly disrupt or

9 seriously hinder" its normal business operations.  *EEOC v. Aaron Bros. Inc.*, 620 F.

10 Supp. 2d 1102, 1106 (C.D. Cal. 2009).  SpaceX cannot meet this burden and failed to do

11 so before OCAHO.

12 Far from overbroad, the Subpoena is narrowly tailored in both time and scope.  It

13 identifies the underlying Form I-9 data—which SpaceX produced on August 28, 2020—

14 and requests copies of the following supporting documents: "(1) any and all attachments

15 to the Form I-9, (2) any E-Verify related printouts or other E-Verify document related to

16 the Form I-9, and (3) any employment eligibility verification documentation related to

17 the Form I-9."  The Subpoena is thus narrowly tailored to Form I-9-related

18 documentation only.  In addition, the Subpoena's request for information for little over a

19 year is narrow, particularly in light of the fact that IER is investigating a potential pattern

20 or practice of discrimination.  Finally, any argument that IER's request for company-

21 wide data is overbroad fails for the same reason; IER is investigating whether the

22 company engages in a pattern or practice of citizenship status discrimination and/or

23 unfair documentary practices.  *See EEOC v. Fed. Express Corp.*, 558 F.3d 842, 856 (9th

24 Cir. 2009) (finding an agency's request for company-wide data not overbroad where

25 investigation involved potential systemic discrimination); *see also In Re Tropicana*

26 *Casino and Resort*, 9 OCAHO no. 1060, 2 (2000), 2000 WL 33113961, at *4 (Sept. 8,

27 2000) (finding Forms I-9 and supporting documentation relevant to a pattern or practice

28 investigation).

1   Nor can SpaceX prove that the Subpoena is unduly burdensome.  SpaceX
2   informed IER that the Subpoena would be burdensome because SpaceX "does not store
3   the supporting documents or attachments in a way that would enable production without
4   SpaceX having to manually retrieve each document."  Sandoval Decl. Ex. 6, at 46.
5   Applying the same test that this Court must apply, OCAHO rejected SpaceX's argument
6   regarding burdensomeness because SpaceX failed to show that compliance with the
7   Subpoena would disrupt its normal business operations.  *See SpaceX*, 14 OCAHO no.
8   1378 at 4-5, 2020 WL 7319344, at *4 (2020).  Moreover, as OCAHO has pointed out in
9   other instances, any burden imposed by a subpoena on an employer due to its poor
10  recordkeeping is of its own making.  *See Tropicana*, 9 OCAHO no. 1060 at 2, 2000 WL
11  33113961, at *6 (2000) ("The purpose of the [INA's] records retention requirements
12  would be entirely frustrated if employers could be excused from compliance simply by
13  choosing to keep required records in such a manner as to make them unavailable to law
14  enforcement agencies without herculean efforts."); *see also* 8 C.F.R. § 274a.2(b)(3)
15  (requiring that Form I-9 supporting documents, if copied, be stored in a manner such that
16  they are retrievable upon government inspection).

17  Finally, Petitioner's failure to establish overbreadth or undue burden also means
18  that this Court should not modify the Subpoena, such as by requiring IER to accept a
19  sampling of the Form I-9 supporting documentation or anything less than what is sought.
20  *See Kava*, 2017 WL 3841780, at *7 (declining to modify an administrative subpoena and
21  instead requiring full compliance where petitioner failed to establish that producing
22  subpoenaed material would be unduly burdensome).

23  **IV.   Conclusion**

24  Having met all the procedural prerequisites and satisfied all applicable legal
25  standards, the United States requests an Order from this Court requiring SpaceX to
26  comply with the Subpoena within 14 days.

27
28

Dated: January 28, 2021                    Respectfully submitted,

                                           JENNIFER A. DEINES
                                           Acting Deputy Special Counsel
                                           C. SEBASTIAN ALOOT
                                           Special Litigation Counsel


                                           __/s/ *Lisa R. Sandoval*_____
                                           LISA R. SANDOVAL
                                           SEJAL P. JHAVERI
                                           Trial Attorneys
                                           Attorneys for the United States