JENNIFER A. DEINES (MD SBN 0712110190)
Acting Deputy Special Counsel
C. SEBASTIAN ALOOT (SBN 68410)
Special Litigation Counsel
LISA R. SANDOVAL (NY SBN 5108865)
SEJAL P. JHAVERI (NY SBN 5396304)
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Immigrant and Employee Rights Section
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5736 (Sandoval)
(202) 305-7376 (Jhaveri)
(202) 616-5509 (Fax)
Lisa.Sandoval@usdoj.gov
Sejal.Jhaveri@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a SPACEX,<br><br>Respondent. | No. 2:21-mc-00043<br><br>**DECLARATION OF LISA R. SANDOVAL IN SUPPORT OF APPLICATION FOR ORDER TO COMPLY WITH ADMINISTRATIVE SUBPOENA** |

## DECLARATION OF LISA R. SANDOVAL

I, Lisa R. Sandoval, do hereby declare and state as follows:

1. I am a Trial Attorney employed by the U.S. Department of Justice, Civil Rights Division, Immigrant and Employee Rights Section ("IER"), and assigned to handle this investigation within my office. As such, I have personal knowledge of the matters stated herein, and could and would competently testify thereto if called upon as a witness.

2. On May 29, 2020, IER accepted as complete a charge of employment discrimination from an individual, alleging that Space Exploration Technologies Corp., d/b/a SpaceX ("SpaceX") discriminated against him based on his citizenship status when, during an interview for the position of Technology Strategy Associate on or about March 10, 2020, it made inquiries about his citizenship status and ultimately failed to hire him for the position because he is not a U.S. citizen or lawful permanent resident, in violation of U.S.C. § 1324b(a)(1) and (a)(6).

3. On June 8, 2020, I transmitted via email to counsel for SpaceX a Notice of Investigation notifying SpaceX of the charge and requesting, inter alia, an "Excel spreadsheet with all available Form I-9 and E-Verify data for each individual [SpaceX] hired or reverified since June 1, 2019, together with copies of any supporting documentation, and all attachments." The letter provided a deadline of June 22, 2020, for SpaceX to provide the information. A true and correct copy of the June 8, 2020 letter is attached as Exhibit 1.

4. On August 28, 2020, after IER gave SpaceX several extensions of time to provide the requested information, SpaceX produced to IER a Form I-9 spreadsheet that contained the information provided on the Form I-9 for SpaceX employees since June 2019; however, SpaceX refused to produce any Form I-9 supporting documentation, such as copies of employees' passports, driver's licenses, or Social Security cards, as requested. A true and correct copy of SpaceX's August 30, 2020 email confirming the transmission to IER is attached as Exhibit 2.

5. From August 28, 2020, to early October 2020, IER attempted to obtain SpaceX's Form I-9 supporting documentation via numerous emails, letters, and telephone calls to SpaceX, but SpaceX refused to provide any Form I-9 supporting documentation.

6. On October 7, 2020, IER obtained Subpoena No. 2021S00001 from OCAHO Administrative Law Judge ("ALJ") Jean King. A true and correct copy of Subpoena No. 2021S00001 is attached as Exhibit 3.

7. On October 9, 2020, IER served SpaceX via FedEx with Subpoena No. 2021S00001, and on October 12, 2020, SpaceX received Subpoena No. 2021S00001. A true and correct copy of IER's Return of Service and corresponding tracking is attached as Exhibit 4.

8. On October 20, 2020, after serving the Subpoena, IER once again met and conferred with SpaceX. At the meeting, SpaceX counsel asked some clarifying questions about Subpoena No. 2021S00001, which IER answered, but SpaceX refused to provide the subpoenaed documents, even after IER offered to allow SpaceX to produce them over an extended period of time.

9. On October 26, 2020, SpaceX filed its Petition to Modify or Revoke OCAHO Subpoena Duces Tecum ("Petition to Modify or Revoke"), arguing that Subpoena No. 2021S00001 exceeds the scope of IER's authority, is insufficiently definite, is not relevant to IER's investigation, and is unduly burdensome. A true and correct copy of SpaceX's Petition to Modify or Revoke Subpoena, with exhibits omitted, is attached as Exhibit 5.

10. On November 1, 2020, pursuant to 28 C.F.R. § 68.6(a),(c), IER timely filed its Opposition to SpaceX's Petition to Modify or Revoke OCAHO Subpoena Duces Tecum. A true and correct copy of IER's Opposition to SpaceX's Petition to Modify or Revoke OCAHO Subpoena Duces Tecum, with exhibits omitted, is attached as Exhibit 6.

//

11.     On December 1, 2020, OCAHO issued the Order Denying Petition to Modify or Revoke Subpoena, denying SpaceX's Petition to Modify or Revoke and ordering SpaceX to comply with Subpoena No. 2021S00001.  A true and correct copy of the December 1, 2020 order issued by OCAHO for Subpoena No. 2021S00001, which IER received from OCAHO, is attached as Exhibit 7.

12.     On December 11, 2020, SpaceX emailed IER a letter, acknowledging receipt of OCAHO's order but notifying IER that it "does not intend to produce any additional information in response to the administrative subpoena."  A true and correct copy of SpaceX's December 11, 2020 letter is attached as Exhibit 8.

13.     To date, SpaceX has not produced any Form I-9 supporting documentation and has refused to comply with OCAHO's December 1, 2019 Order Denying Petition to Modify or Revoke Subpoena.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this January 27, 2021 in Silver Spring, MD.

                    /s/ *Lisa R. Sandoval*
                    LISA R. SANDOVAL
                    Trial Attorney