# EXHIBIT 4

**U.S. Department of Justice**

Civil Rights Division

---

*Immigrant and Employee Rights Section – 4CON*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*
*Main (202) 616-5594*
*Fax (202) 616-5509*

August 13, 2020

**By Email with Delivery Confirmation Receipt Requested**

Christopher Cardaci
Corporate Counsel
Space Exploration Technologies Corp. d/b/a SpaceX
1155 F Street NW, Suite 475
Washington, DC 20004
Christopher.Cardaci@spacex.com

>    Re:    Discrimination Charge Filed Against Space Exploration Technologies
>           Corp., DJ Number 197-12C-1681

Dear Mr. Cardaci:

   The responses Space Exploration Technologies Corp., d/b/a SpaceX ("Respondent") provided to the Immigrant and Employee Rights Section ("IER") on June 8, 2020, are deficient in several regards.  IER also has additional requests for information and documents, which are numbered sequentially to IER's June 8, 2020 requests.  Please provide Respondent's Forms I-9 (as requested in Question 12 of IER's June 8, 2020 letter) by **August 20, 2020.**  Please provide the complete information to IER's remaining prior requests, as noted below, and the responses to the supplemental requests no later than September 11, 2020, in accordance with the production instructions in IER's June 8, 2020 letter.[1]  All documents should be unredacted, except those that Respondent asserts are privileged.  If Respondent asserts privilege and accordingly redacts or withholds any information, it must provide a privilege log with its production.

   As a preliminary matter, Respondent's counsel has expressed confusion regarding the scope of the investigation.  As previously stated in IER's June 8, 2020 letter, IER's investigation is not limited only to the specific allegations and/or claims that Charging Party made in his charge.  Our investigation is also exploring whether Respondent engages in any pattern or practice of discrimination that 8 U.S.C. § 1324b prohibits, including citizenship status discrimination in violation of 8 U.S.C. § 1324b(a)(1)(B) and possible use of unfair documentary practices based on citizenship status or national origin in the employment eligibility verification process in violation of 8 U.S.C. § 1324b(a)(6).  *See In Re Investigation of Fla. Azalea Specialist*, 3 OCAHO no. 523, 1255 (1993) (finding requests for information related to an employer's

---

[1] For the purpose of these and any future requests, the use of the term "document" or "documents" refers to information in paper as well as to electronically-stored information.

general hiring practices were relevant even where IER opened the investigation based on a specific charge of refusal to hire).

To date, Respondent has refused to produce Employment Eligibility Verification Forms I-9. As previously stated in IER's June 8, 2020 letter, the law requires Respondent to make all Employment Eligibility Verification Forms I-9 available for IER to inspect. *See* 8 U.S.C. § 1324a(b)(3); 28 C.F.R. § 44.302(b). Although Respondent must make its Forms I-9 available for inspection within three business days, 8 C.F.R. § 274a.2(b)(2)(ii), IER has given Respondent more than nine weeks to produce such information, but it has nevertheless failed to do so. As previously discussed with Respondent's counsel, if Respondent fails to produce I-9s by **August 20, 2020,** IER will seek a subpoena for such information. It is well established that the requirements for enforcement of an administrative subpoena are minimal. *Tropicana*, 9 OCAHO no. 1060, at 1 (2000). Under OCAHO case law, IER may seek enforcement of an administrative subpoena if: (1) the investigation is within the statutory authority of the agency; (2) the subpoena is not too indefinite; and (3) the information sought is reasonably relevant to the investigation. *Id.* at 1-2; *see also United States v. NHS Human Services*, 10 OCAHO no. 1198, 2 (2013).

**Deficient Answers**

Question 1D: Identify by name, job title, start date, address, telephone number and email address the Respondent's custodian(s) of applicant and personnel records.

Respondent's response is incomplete, as it did not identify the individuals responsible for Respondent's records. Provide the name, job title, start date, address, telephone number and email address of the individual(s) who maintains applicant records in Greenhouse. Also provide the name, job title, start date, address, telephone number and email address of the individual(s) who maintains employee personnel records in Workday.

Question 3B: 3. Provide the Respondent's policies, procedures and training materials regarding recruiting, applications for employment, hiring, firing, and employment eligibility verification and reverification (Form I-9, E-Verify), including any specific policies and procedures relating to non-U.S. citizens, in place at any point since June 1, 2018. B. In addition: Identify by name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) each person responsible for creating and drafting such policies or procedures, and each person with o recruitment, employment application, hiring and employment authorization verification processes, oversight or supervisory responsibility for such policies or procedures.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could reasonably be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. The information requested falls squarely within the bounds of IER's investigative authority, as all the evidence sought relates to SpaceX's hiring or employment eligibility verification practices. *See In Re Tropicana Casino & Resort*, 9 OCAHO no. 1060, 4 (2000) (describing relevance in administrative investigations to include "virtually any material that might cast light on the allegations"). Additionally, discovery rules do not limit the information and documents that an agency may obtain during a pre-suit

administrative investigation. *See id*; *see also E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68-70 (1984).

Identify by name, job title, start date, termination date (if any), address, telephone number, and email address (including last known contact information) each person responsible for creating and drafting Respondent's policies, procedures and training materials regarding recruiting, applications for employment, hiring, firing, and employment eligibility verification, and reverification (Form I-9, E-Verify), including any specific policies and procedures relating to non-U.S. citizens, in place at any point since June 1, 2018. Include the above-referenced information for each person with oversight or supervisory responsibility for such policies or procedures.

Question 4B. 4. Provide a detailed description of Respondent's recruitment, employment application, hiring and employment authorization verification processes, including the decision-making process as it relates to selecting candidates to interview for and to fill available positions. B. In addition: identify by name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) each person that played a role in this process on behalf of the Respondent from June 1, 2018, to the present, and describe each person's role.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. Identify by name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) each person who played a role in Respondent's recruitment, employment application, hiring, and employment authorization verification processes, including the decision-making process as it relates to selecting candidates to interview for and to fill available positions.

Question 4D. 4. Provide a detailed description of Respondent's recruitment, employment application, hiring and employment authorization verification processes, including the decision-making process as it relates to selecting candidates to interview for and to fill available positions. D. In addition: Provide the name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) of each person responsible for creating, drafting, and implementing such policies or procedures.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. Provide the name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) of each person responsible for creating, drafting, and implementing Respondent's recruitment, employment application, hiring and employment authorization verification processes, including the decision-making process as it relates to selecting candidates to interview for and to fill available positions.

Question 5C. 5. Identify all job vacancies for the period June 1, 2019, to the present.  For each job vacancy: C. State whether or not the Respondent hired an individual(s) to fill the vacancy.  If so, identify the individual(s) by name, job title, start date, termination date (if any), date hired, and wage or salary, and provide a copy of all documents relating to that individual, including, but not limited to application materials, Forms I-9, interview notes, personnel files, etc.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation.  While SpaceX did produce a list of all hires for the relevant time period, it failed to identify the individual hired and include the corresponding requested information.  Identify hired individuals by name, job title, start date, termination date (if any), date hired, and wage or salary, and provide a copy of all documents relating to that individual, including, but not limited to application materials, Forms I-9, interview notes, personnel files, etc. for all individuals who were hired to fill vacancies for the period June 1, 2019, to present.

Question 5D. For each individual identified in response to subpart C above, state the name, job title, start date, termination date (if any), address, phone number and email address (including last known contact information) of the Respondent who made the hiring decision.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. For each individual identified in response to subpart C above, state the name, job title, start date, termination date (if any), address, phone number and email address (including last known contact information) of the Respondent who made the hiring decision.

Question 7C.  Identify by name, job title, start date, termination date (if any), telephone number and email address (including last known contact information) all person(s) with knowledge of the reason(s) for the Charging Party's rejection. Also, provide a summary of each person's knowledge in this regard.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint; see narrative above" is non-responsive and inapplicable at this stage in IER's investigation.  Respondent's narrative responsive identifies only one individual and does not identify all person(s) with knowledge of the reasons for Charging Party's rejection.  Identify by name, job title, start date, termination date (if any), telephone number and email address (including last known contact information) all person(s) with knowledge of the reason(s) for the Charging Party's rejection. Also, provide a summary of each person's knowledge in this regard.

Question 7D. 7. If the Respondent denied the Charging Party employment, for each position for which employment was denied: D. If the Respondent interviewed the Charging Party, identify by

name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) of each person who interviewed the Charging Party.

Respondent's answer, "This request is invasive of privacy rights and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint. See narrative above" is partially unresponsive and inapplicable at this stage in IER's investigation. The only individual Respondent identifies in its narrative is Doug Tallmadge, but Respondent did not identify the SpaceX recruiter who conducted Fabian Hutter's initial phone screen. Nor did Respondent provide the full range of above-requested information related to Mr. Tallmadge. Provide Mr. Tallmadge's start date, termination date (if any), address, telephone number, and email address (including last known contact information), and the SpaceX recruiter's name, job title, start date, termination date (if any), address, telephone number, and email address (including last known contact information).

Question 7E. 7. If the Respondent denied the Charging Party employment, for each position for which employment was denied: E. Provide all documents regarding the Charging Party's application and rejection, including, but not limited to, employment applications, resumes, interview evaluations, Forms I-9 and any attachments (such as copies of documents and E-Verify print outs), e-mails, notes, memoranda, rejection letters, etc.

Respondent's answer, "See production," is non-responsive, as Respondent did not produce any documentation related to Mr. Hutter's application and rejection. Provide all documents regarding the Charging Party's application and rejection, including, but not limited to, employment applications, resumes, interview evaluations, Forms I-9 and any attachments (such as copies of documents and E-Verify print outs), e-mails, notes, memoranda, rejection letters, etc.

Questions 9A and B. 9. State whether the position(s) sought by the Charging Party required a particular citizenship status or contained a restriction to hiring certain citizenship status(es). If so, for each position: A. State the specific citizenship status and/or immigration status required for hire. B. State whether the restriction is based upon a law, regulation, or executive order. If so, identify the source, and provide a copy of the document.

Respondent's answer, "See narrative above" is non-responsive. State whether the position(s) sought by the Charging Party required a particular citizenship status or contained a restriction to hiring certain citizenship status(es). If so, for each position: A. State the specific citizenship status and/or immigration status required for hire. B. State whether the restriction is based upon a law, regulation, or executive order. If so, identify the source, and provide a copy of the document.

Question 12. Produce an Excel spreadsheet with all available Form I-9 and E-Verify data for each individual Respondent hired or reverified since June 1, 2019, together with copies of any supporting documentation, and all attachments, organized chronologically. If Respondent does not keep its Form I-9 information in this format, produce each Form I-9 for every individual Respondent or reverified since June 1, 2019, to the present, together with copies of any

supporting documentation, and all attachments, such as E-Verify printouts, organized chronologically.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, invasive of privacy rights, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. Produce an Excel spreadsheet with all available Form I-9 and E-Verify data for each individual Respondent hired or reverified since June 1, 2019, **together with copies of any supporting documentation, and all attachments, organized chronologically**. If Respondent does not keep its Form I-9 information in this format, produce each Form I-9 for every individual Respondent or reverified since June 1, 2019, to the present, together with copies of any supporting documentation, and all attachments, such as E-Verify printouts, organized chronologically.

Question 13. Provide a summary of each lawsuit, grievance, and charge of discrimination based on citizenship status, immigration status, or national origin received by or filed against the Respondent by employees or applicants for employment from June 1, 2019, to the present.

Respondent's answer, "This request is vague and ambiguous, unduly burdensome, and seeks information that is not relevant to the complaint or any broader investigation that could be justified by the complaint" is non-responsive and inapplicable at this stage in IER's investigation. Provide a summary of each lawsuit, grievance, and charge of discrimination based on citizenship status, immigration status, or national origin received by or filed against the Respondent by employees or applicants for employment from June 1, 2019, to the present.

**Additional Requests for Information**

14. State whether, from June 1, 2019, to present, the Respondent rejected any documentation from individuals with employment offers and/or whether it requested those individuals with employment offers to produce any specific documentation to establish their identity and work authorization during initial hire. If so:

    A.  Identify the document(s) rejected and/or requested and explain the reasons for the Respondent's actions.

    B.  Identify by name, title, address, and telephone number the person(s) who communicate with individuals with employment offers regarding their Form I-9 documentation during the initial employment eligibility verification process.

15. State whether the Respondent rejected any documentation that employees presented, or whether it requested that any employee produce any specific documentation to establish their initial or continued employment authorization during the course of employment. If so:

    A.  Identify the document(s) rejected and/or requested and explain the reasons for the Respondent's actions.

  B. Identify by name, title, address, telephone number and email address (including last known contact information) the person(s) who communicated with employees regarding their Form I-9 documentation during the employment eligibility reverification process.

16. Identify all individuals from June 1, 2019, to the present who received an employment offer that was later rescinded and state the reason Respondent rescinded the offer.

17. Identify all employees from June 1, 2019, to the present whom Respondent terminated and include the reason for the termination.

18. State whether Respondent has ever been the subject of a Form I-9 audit by or otherwise received communication from the Department of Homeland Security relating to the Respondent's Form I-9 practices. If so:

  A. Describe the date(s) and nature of the Respondent's interaction with the Department of Homeland Security and provide a summary of the audit findings and/or communication and copies of all documents provided by the Department of Homeland Security.

  B. Identify by name, title, telephone number and email address each Department of Homeland Security agent with whom the Respondent interacts.

19. Provide a sample of an offer letter that individuals who have been offered employment with Respondent receive.

20. Provide a sample of the offer packet that individuals with employment offers receive.

21. Identify all of Respondent's U.S. government contracts that restrict access to non-U.S. Citizens and provide a copy of the relevant citizenship status restrictions from the contract.

22. State at what point during the hiring and/or onboarding process (e.g. screening, interview, first day of employment) Respondent seeks job candidates' and/or new employees' citizenship status for ITAR compliance.

23. State whether Respondent takes the position that every position at each of Respondent's facilities requires access to ITAR-controlled information.

24. State whether Respondent has ever sought an advisory opinion regarding Respondent's compliance with ITAR from the Directorate of Defense Trade Controls, U.S. Department of State. If so, provide the date Respondent's requested the opinion, the date Respondent received the opinion, and a copy of the opinion.

25. State whether the Missile Technology Control Regime (MTCR) controls information Respondent's employees access. If so, describe what information it governs and how this impacts Respondent's hiring.

26. Provide a copy of the ITAR and EAR training that Respondent's employees must take upon commencing employment with Respondent.

27. Provide the name, job title, start date, termination date (if any), address, telephone number and email address (including last known contact information) of each person on Respondent's Global Trade Compliance (GTC) team.

28. Identify by name, title, termination date (if any), telephone number (last known, if applicable), and email address (last known, if applicable) of the 42 Foreign Person Employees Respondent has allegedly hired to date.

29. Provide any scripts recruiters use during the initial screening process of potential job candidates.

30. Provide a sample of the interview confirmation email Respondent sends to job candidates.

31. Identify by name, title, address, telephone number, and email address (including last known contact information) of all individuals who are staffed on Respondent's Employee Development Team that handles employee onboarding, including I-9 and E-Verify completion.

The requested information and documents should be provided electronically. Information and documents that exist in paper form are requested in electronic form where feasible; please contact the undersigned to discuss the format for electronic production. Electronically-stored information should be provided in the form that Respondent ordinarily maintains it, unless the form is incompatible with Adobe or Microsoft Office, in which case the information may be provided in a different form after consultation with the undersigned. If an electronic database or spreadsheet containing the above requested information exists please also provide an electronic/native file (e.g., .XLS, .CSV, .DAT).

These files may be sent as attachments in one or more e-mails addressed to Lisa.Sandoval@usdoj.gov and Sejal.Jhaveri@crt.usdoj.gov. You are further advised to encrypt any electronic documents containing personally identifiable information before transmitting such documents to this office. Any encryption password should be transmitted by separate e-mail.

Please contact the Ms. Sandoval at (202) 532-5736 or Ms. Jhaveri at (202)-532-5610 if you have any questions regarding this investigation, the scope of the requests set out above, or the timing and format of your responses. Thank you in advance for your anticipated cooperation in this matter.

Sincerely,

Lisa Sandoval
Sejal Jhaveri
Trial Attorneys