1  JENNIFER A. DEINES (SBN 334877)
   Acting Deputy Special Counsel
2  C. SEBASTIAN ALOOT (SBN 68410)
   Special Litigation Counsel
3  LISA R. SANDOVAL (NY SBN 5108865)
   SEJAL P. JHAVERI (NY SBN 5396304)
4  Trial Attorneys
   U.S. Department of Justice
5  Civil Rights Division
   Immigrant and Employee Rights Section
6  950 Pennsylvania Avenue NW
   Washington, DC 20530
7  (202) 532-5736 (Sandoval)
   (202) 305-7376 (Jhaveri)
8  (202) 616-5509 (Fax)
   Lisa.Sandoval@usdoj.gov
9  Sejal.Jhaveri@usdoj.gov

10 Attorneys for the United States

11                   UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                         WESTERN DIVISION

| | |
|---|---|
| 14  UNITED STATES OF AMERICA, | No. 2:21-mc-00043-DMG-MRW |
| 15              Petitioner, | **APPLICANT'S REPLY TO RESPONDENT'S OPPOSITION TO UNITED STATES' APPLICATION FOR ORDER TO COMPLY WITH ADMINISTRATIVE SUBPOENA** |
| 16              v. | |
| 17  SPACE EXPLORATION TECHNOLOGIES CORP, d/b/a SPACEX, | |
| 18 | |
| 19              Respondent. | |
| 20 | Date:  March 18, 2021 |
| 21 | Time: 10:00 a.m. |
| 22 | Ctrm: Roybal Federal Building and United States Courthouse |
| 23 | 255 E. Temple St. |
| 24 | Los Angeles, CA, 90012 |
| | Courtroom 550, 5th Floor |
| 25 | |
| 26 | Hearing via Videoconference |

27

28

1

# **TABLE OF CONTENTS**

2

<u>DESCRIPTION</u>                                                                                         <u>PAGE</u>

3

4    TABLE OF AUTHORITIES ......................................................................... ii

5        I. SPACEX'S ERRONEOUS FACTUAL ASSERTIONS
             REQUIRING CORRECTION ....................................................... 1

6

7        II. LEGAL STANDARD ...................................................................... 4

8        III. ARGUMENT ................................................................................. 4

9            A. IER is Authorized to Open Independent Investigations and
                 Obtain Evidence Related to Those Investigations ................................. 5

10               i. The INA and Corresponding Regulations Unambiguously
                     Authorize IER to Initiate Independent Investigations and
11                   Do Not Limit IER's Investigative Authority to Charges
                     ................................................................................ 5

12               ii. IER's Investigative Authority Is Not Limited by the
13                   Statutory Text that Governs the EEOC's Investigative
                     Authority ............................................................... 8

14               iii. Section 1324b(f) Does Not Limit IER's Independent Investigative
15                    Authority or Access to Evidence in an Independent Investigation
                     ...................................................................................9

16           B. The Subpoena Seeks Information Relevant to IER's
17               Investigation ........................................................................ 10

18               i. The Subpoena Seeks Information Essential to Its Valid Investigation
                     of Whether SpaceX is Engaging in a Pattern
19                   or Practice of Discrimination .......................................... 11

20               ii. IER Is Not Required to Demonstrate a Reasonable Belief
21                   That a Violation Occurred Prior to Accessing Information
                     Relevant to an Independent Investigation ....................................... 12

22           C. The Subpoena is Narrowly Tailored and Reasonable ......................... 13

23        IV. CONCLUSION ................................................................... 15

24

25

26

27

28

i

1

## <u>TABLE OF AUTHORITIES</u>

2

3 **Cases**

4  *Bhd. of R.R. Trainmen v. Balt. & O.R. Co.,*
5  331 U.S. 519, 528-29 (1947) ........................................................................ 7

6  *CVS Health Corp. v. Vividus, LLC,*
7  878 F.3d 703 (9th Cir. 2017) ....................................................................... 6

8  *Duncan v Walker,*
9  533 U.S. 167 (2001) ................................................................................ 6, 7

10  *EEOC v. Burlington N. Santa Fe R.R.,*
   669 F.3d 1154 (10th Cir. 2012) .................................................................. 10
11
12  *EEOC v. Child.'s Hosp. Med. Ctr. of N. California,*
   719 F.2d 1426 (9th Cir. 1983) ...................................................................... 4
13
14  *EEOC v. Fed. Express Corp.,*
   558 F.3d 842 (9th Cir. 2009) ........................................................................ 4
15
16  *EEOC v. Karuk Tribe Hous. Auth.,*
   260 F.3d 1071 (9th Cir. 2001) ................................................................ 4, 10
17
18  *EEOC v. McLane Co.,*
   137 S.Ct. 1159, 1165 (2017)……………………………………………………11
19
20  *EEOC v. McLane Co.,*
   857 F.3d 813 (9th Cir. 2017) ................................................................ 11, 14
21
22  *EEOC v. McLane Co.,*
   2012 WL 1132758 (D. Ariz. Apr. 4, 2012) ................................................. 14
23  *EEOC v. Nationwide Janitorial Servs., Inc.,*
24  2018 WL 4563053 (C.D. Cal. Aug. 17, 2018) ....................................... 11, 12
25  *EEOC v. Packard Elec. Div., Gen. Motors Corp.,*
   569 F.2d 315 (5th Cir. 1978) ...................................................................... 10
26
27  *EEOC v. Royal Caribbean Cruise, Ltd.,*
   771 F.3d 757 (11th Cir. 2014) .................................................................... 10
28

*EEOC v. TriCore Reference Lab'ys,*
849 F.3d 929 (10th Cir. 2017) .......................................................................... 10

*Gross v. FBL Fin. Servs., Inc.,*
557 U.S. 167 (2009) ........................................................................................... 9

*In Re Investigation of Carolina Emps. Ass'n, Inc.,*
3 OCAHO 455, 1992 WL 535611 (Sept. 17, 1992) ......................................... 13

*In Re Investigation of Hyatt Regency Lake Tahoe,*
5 OCAHO no. 751 (1995), 1995 WL 421698 (Apr. 10, 1995) ......................... 10

*In Re Investigation of Space Exploration Technologies Corp. d/b/a SpaceX,*
14 OCAHO no. 1378 (2020), 2020 WL 7319344 (Dec. 1, 2020) ......... 9,10, 13

*In Re Investigation of Wal-Mart Distribution Ctr. # 6036,*
5 OCAHO no. 788 (1995), 1995 WL 706043 (Aug. 3, 1995) ...........................9

*NLRB. v. Kava Holdings, Inc.,*
2017 WL 3841780 (C.D. Cal. Aug. 8, 2017) .................................................. 11

*TRW Inc. v. Andrews*
534 U.S. 19 (2001) ............................................................................................. 6

*United States v. Golden Valley Elec. Ass'n,*
689 F.3d 1108, 1115 (9th Cir. 2012) ......................................................... 14, 15

*United States v. Mar-Jac Poultry, Inc.,*
10 OCAHO no. 1148 (2012), 2012 WL 2950407 (Mar. 15, 2012) ................... 9

*United States v. McDuffy,*
890 F.3d 796 (9th Cir. 2018) .............................................................................. 6

*Williams v. Taylor,*
529 U.S. 420 (2000) ........................................................................................... 6

**Federal Statutes**

5 U.S.C. § 552 .................................................................................................. 13

8 U.S.C. § 1324b ........................................................................................ *passim*

42 U.S.C. § 2000e-5 .....................................................................................8,10

1

**Federal Regulations**

2   8 C.F.R. § 274a.2 ................................................................................ 3, 14

3   28 C.F.R. § 0.53 ..................................................................................... 8

4
5   28 C.F.R. § 44.301 ................................................................................. 8

6   28 C.F.R. § 44.304 ................................................................................. 8

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

<u>**REPLY TO RESPONDENT'S OPPOSITION TO  UNITED STATES'**</u>
<u>**APPLICATION FOR ORDER TO COMPLY WITH ADMINISTRATIVE**</u>
<u>**SUBPOENA**</u>

4

5

6

7

8

Applicant, the United States of America, through the U.S. Department of Justice attorneys listed below, respectfully submits this Reply to Space Exploration Technologies Corp. d/b/a SpaceX's ("SpaceX") Opposition to the Immigrant and Employee Rights Section's ("IER") application to enforce Investigatory Subpoena No. 2021S00001 ("Subpoena").

9

10

11

12

13

14

15

16

17

18

19

20

The Subpoena relates to an investigation of SpaceX to determine whether the company has engaged in an individual violation or patterns or practices of citizenship status discrimination or unfair documentary practices in violation(s) of 8 U.S.C §§1324b(a)(1) or (a)(6).  Contrary to SpaceX's characterizations, the Subpoena meets the legal test for enforcement, as previously explained in the United States' Application to Enforce and supporting documents.  *See generally* Appl. Br., ECF No. 1-1.  As such, the Subpoena must be enforced unless SpaceX can prove the Subpoena is overbroad or that compliance would be unduly burdensome.  SpaceX fails to raise any arguments of undue burden, let alone submit evidence of such, and it therefore has forfeited its opportunity to do so.  Nor can SpaceX prove the Subpoena is overbroad.  Instead, SpaceX relies on erroneous factual assertions and flawed legal analyses to challenge subpoena enforcement, all of which fail.  The Subpoena therefore must be enforced.

21

**I.      SpaceX's Erroneous Factual Assertions Requiring Correction**

22

23

24

25

26

27

The material facts at issue are accurately set forth in the United States' Application to Enforce and its supporting documents, which are incorporated herein. Appl. Br. 3-6.  SpaceX's Opposition, on the other hand, primarily introduces irrelevant information—factual assertions intended to challenge the merit of Charging Party's claims and immaterial details about IER's investigation—that is rife with inaccuracies. IER highlights and corrects SpaceX's most egregious inaccuracies.

28

1

First, SpaceX presents this Court with a flawed characterization of IER's investigation. SpaceX incorrectly suggests that IER had no reason to believe SpaceX was engaging in a pattern or practice of discrimination when it opened its investigation. But at the time it opened its investigation, IER did have information supporting a reason to believe that SpaceX may be engaging in a pattern or practice of discrimination in violation of § 1324b(a)(1) and (6). Sandoval Decl. in Support of Appl. Reply Br. ("Sandoval Decl. II") ¶ 2. SpaceX also erroneously states that Charging Party alleged a claim of national origin discrimination. He did not. As explained in IER's June 8, 2020 notice letter, on May 29, 2020, IER accepted a charge of employment discrimination from an individual, alleging that SpaceX discriminated against him based on his citizenship status when it failed to fairly consider him for a position and made inquiries about his citizenship status during the interview process, in violation of 8 U.S.C. § 1324b(a)(1) and (a)(6). Sandoval Decl. II ¶ 3. Charging Party did not allege that SpaceX discriminated against him based on his national origin, IER did not include such allegation in its summary of the charge in its notice letter, and IER is not investigating any national origin claim under § 1324b(a)(1)(A) related to his charge.[1]

Second, SpaceX erroneously states IER failed to provide notice of whether it was filing a complaint or continuing its investigation, as required by 28 C.F.R. § 44.303. The record establishes otherwise. On September 28, 2020, IER timely sent the required notice to SpaceX via email, informing the company that IER was continuing its investigation, as it had not yet determined whether a violation of § 1324b had occurred. IER Sept. 28, 2020 Email, Sandoval Decl. II ¶ 4, Ex. 1, at 1-3. The delivery confirmation receipt reflects that SpaceX, through Vice President of Legal Christopher Cardaci, who at the time was representing SpaceX in the investigation, received the notice on Monday, September 28, 2020. *Id.*

---

[1] IER stated in its notification letter that the charge alleged that SpaceX "failed to fairly consider [Charging Party] for the position and made inquiries about his *citizenship status* in violation of 8 U.S.C. §1324b(a)(1) and (a)(6)." IER June 8, 2020 Letter, Sandoval Decl. Ex. 1, at 1, ECF No. 1-3 (emphasis added).

1    Third, SpaceX mischaracterizes the evidence it submitted in support of its

2    Opposition.  For instance, in Exhibit 2, SpaceX purported to submit a "true and correct"

3    copy of, among other documents, "[the] feedback memo prepared by Doug Tallmadge"

4    for Charging Party.  Partial Tallmadge Feedback Memo, Cardaci Decl. Ex. 2 at 6, ECF

5    No. 19-3.  However, Mr. Tallmadge's feedback memo for Charging Party, titled a

6    "scorecard," omits the portion of Charging Party's scorecard in which Mr. Tallmadge

7    positively rated Charging Party's application on March 2, 2020, at 5:04 p.m., after which

8    a hiring manager stated about Charging Party on March 2, 2020, at 10:00 p.m., "Not a

9    US citizen which is going to make it hard . . . ."  *Compare* Cardaci Decl. Ex. 2 at 6 *with*

10   Sandoval Decl. II Ex. 2, at 5-6.  Therefore, SpaceX's exhibit is incomplete, and the

11   missing page of the feedback memo contradicts SpaceX's argument that Mr. Tallmadge

12   did not take Charging Party's citizenship into consideration and raises other concerns

13   about potential discriminatory practices, as discussed *infra* Part III(B)(i).

14   Fourth, SpaceX's suggestion that the Form I-9 and its supporting documents, or

15   attachments, are "confidential" documents in the context of IER's investigation is

16   misleading.  The Form I-9, a federal form published by the U.S. Department of

17   Homeland Security's U.S. Citizenship and Immigration Services, documents employers'

18   efforts to comply with 8 U.S.C § 1324a, which requires employers to verify that

19   individuals they hire are eligible to work in the United States.  One of the central

20   purposes of the Form I-9 is that it is to be made available to government agencies,

21   including IER, for inspection within three days' notice.  Unfair Immigration-Related

22   Employment Practices, 8 U.S.C. § 1324a(b)(3) (1986).  As previously established, when

23   copies are made of Form I-9 supporting documents, such as Social Security cards and

24   driver's licenses, those documents constitute part of the Form I-9 itself.  Appl. Br. 10.

25   *See also* Verification of Identity and Employment Authorization, 8 C.F.R. § 274a.2(b)(3)

26   (2020) ("An employer . . . may . . . copy or make an electronic image of a document

27   presented by an individual [and, if made], it must either be retained with the Form I–9 or

28   stored with the employee's records and be retrievable . . . .").

3

To date, IER's investigation has been significantly delayed due to SpaceX's refusal to comply with the lawful Subpoena.

## II.   Legal Standard

In an agency subpoena enforcement action, a district court's inquiry is limited to whether (1) Congress granted the agency the authority to investigate, (2) procedural requirements have been followed, and (3) the evidence is relevant and material to the investigation. *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009). Once this showing has been made, the district court must enforce the subpoena unless the party being investigated shows the subpoena is either overbroad or unduly burdensome. *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (describing the test established in *EEOC v. Child.'s Hosp. Med. Ctr. of N. California*, 719 F.2d 1426, 1428 (9th Cir. 1983)). The Court's inquiry is narrow because judicial review of the early phases of an investigation interferes with the proper functioning of investigations and delays resolving the ultimate question of whether the law has been violated. *Fed. Exp. Corp.*, 558 F.3d 842 at 848-49.

## III.   Argument

The Subpoena must be enforced because it meets all the requirements for enforcement and is neither overbroad nor unduly burdensome. SpaceX's Opposition failed to raise any arguments of undue burden. It only challenged the Subpoena on the bases that IER has allegedly failed to meet the first prong (agency authority to investigate) and third prong (relevance to the investigation) of the subpoena-enforcement test and that the Subpoena is overbroad.

First, while SpaceX does not clearly identify which of its arguments relate to the agency authority prong, IER understands SpaceX's challenge to IER's authority to investigate to be that IER's investigations under the INA's anti-discrimination provision must be founded on charges, as are the Equal Employment Opportunity Commission's ("EEOC") investigations under Title VII of the Civil Rights Act of 1964. This unsupported argument fails because SpaceX's reading contradicts the plain reading of

4

the statutory text that authorizes IER to both investigate charges and open investigations on its own initiative and would render portions of that text superfluous. *See* 8 U.S.C. §§ 1324b(c)(2), (d)(1). Further, Congress used different language to describe the scope of IER's investigations under § 1324b compared to investigations by EEOC under Title VII, indicating that it did not intend to prescribe the agencies identical investigative authority. Second, IER has met the relevance prong of the subpoena-enforcement test and need not satisfy SpaceX's fabricated requirement that IER demonstrate a reasonable belief a violation occurred as a prerequisite to SpaceX's producing documents relevant to IER's independent pattern or practice investigation. Third, SpaceX's overbreadth argument should be dismissed because the Subpoena is narrowly tailored in both time and scope. As demonstrated below, this Court should enforce the Subpoena.

### A. IER Is Authorized to Open Independent Investigations and Obtain Evidence Related to Those Investigations

IER meets prong one of the subpoena enforcement test (authority to investigate) because it has statutory authority to investigate and access evidence related to charges and to open and access evidence related to investigations on its own initiative. The Court's analysis should end there. *See* Appl. Br. 7-8. SpaceX's dubious arguments challenging IER's basic investigative authority are meritless. The statutory text of § 1324b, its implementing regulations, and OCAHO caselaw uniformly contradict SpaceX's contention.

### i. The INA and Corresponding Regulations Unambiguously Authorize IER to Initiate Independent Investigations and Do Not Limit IER's Investigative Authority to Charges

In challenging IER's authority to independently initiate an investigation of a possible pattern or practice of discrimination, SpaceX begins by arguing that IER's authority to open and conduct investigations under § 1324b is limited to charges. The INA's anti-discrimination provision contains no such limitation. The pertinent statutory language and its implementing regulations make clear that IER may open and conduct

5

investigations into potential violations of the law on its own initiative and also may expand its charge-based investigation beyond the allegations made in individual charges. *See* Appl. Br. 7-8.  Pursuant to that statutory authority, IER is currently conducting both an independent investigation to determine whether SpaceX has engaged in a pattern or practice of discrimination in violation of § 1324b, and a charge-based investigation of Charging Party's allegations.

The plain language of the statute, § 1324b(d)(1), demonstrates that IER can open investigations (1) through the filing of a charge by an injured party or their authorized representative, and/or (2) on the Special Counsel's own initiative.  The first sentence of this paragraph states that IER "*shall* investigate each charge received."  8 U.S.C. §1324b(d)(1) (emphasis added).  The next sentence sets out a wholly different way an investigation may begin, specifically "on [the Special Counsel's] own initiative."  *Id*. Thus, the plain language of the statute indicates that IER's authority to open and conduct independent investigations is separate and apart from its requirement to investigate charges.  *See United States v. McDuffy*, 890 F.3d 796, 799 (9th Cir. 2018) (quoting *Williams v. Taylor*, 529 U.S. 420, 431 (2000)) (explaining that statutory interpretation must commence with the "language of the statute"); *CVS Health Corp. v. Vividus*, *LLC*, 878 F.3d 703, 706 (9th Cir. 2017) ("If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends there.").

Despite the unambiguous language in § 1324b(d)(1) granting IER independent investigative authority separate and apart from a charge, SpaceX urges this Court to adopt a contrary, flawed interpretation.  Based on the title of § 1324b(d)(1), "Investigation of Charges," SpaceX argues that IER's independent investigations must be tied to a charge.  SpaceX Opp'n 9, ECF No. 19.  SpaceX's attempt to divorce the statute's meaning from the plain language of the statute, violates basic canons of statutory interpretation, rendering superfluous the last sentence of § 1324b(d)(1)'s plain text authorizing IER to investigate on its own initiative.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted) (quoting *Duncan v Walker*, 533

6

U.S. 167, 174 (2001)) ("It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant."). The fact that the title does not fully describe all the text that follows does not nullify the clear statutory text authorizing investigations opened on IER's initiative. *Bhd. of R.R. Trainmen v. Balt. & O.R. Co.*, 331 U.S. 519, 528-29 (1947) ("[H]eadings and titles are not meant to take the place of the detailed provisions of the text. Nor are they necessarily designed to be a reference guide or a synopsis."); *J.B. v. United States*, 916 F.3d 1161, 1169–70 (9th Cir. 2019) (rejecting an argument that relied on subsections' headings where those headings conflicted with the plain meaning of the statute's text). Similarly, § 1324b(d) also includes statutory text governing "private actions" and the "time limitations on complaints," but there is no question that this text is in effect despite the fact that the paragraph's title does not refer to those specific topics. SpaceX's unsupported position that the title of the subsection makes the subsection's paragraphs limited to the "investigation of charges" would require the Court to ignore the statute's plain text not related to the investigation of charges. Based on the plain meaning of the statute, § 1324b(d)(1) cannot only apply to just the "Investigation of Charges."

SpaceX's alternate argument, that § 1324b(c)(2) limits IER to solely charge-based investigations, is similarly devoid of merit. Section 1324b(c)(2) states, "The Special Counsel shall be responsible for investigation of charges and issuance of complaints under this section and in respect of the prosecution of all such complaints before administrative law judges . . . ." SpaceX argues that because this section does not explicitly include independent investigations, Congress must not have intended to give IER independent investigative authority. To give credence to SpaceX's reading, however, would again require the Court to render another part of the statute that expressly authorizes IER to open and conduct independent investigations superfluous. *See* 8 U.S.C. § 1324b(d)(1); *see also Duncan*, 533 U.S. at 174 (describing courts' responsibility to give effect to every word or clause in a statute, where possible).

Justice Department regulations governing IER's investigatory authority further demonstrate that IER's independent authority to investigate is not tied to charges. Title 28 C.F.R. § 44.304 labeled "Special Counsel acting on own initiative" identifies a separate process for initiating an investigation than that described in § 44.301, "Receipt of Charge." Receipt of Charge, 28 C.F.R. §§ 44.301 and 304(a) (2017). *See also* Immigrant and Employee Rights Section, 28 C.F.R. §§ 0.53(b)(1) and (b)(3) (2017). Section 44.304 further states that IER may open independent investigations when it has "reason to believe that a person or other entity" has engaged in unfair immigration-related employment practices. 28 C.F.R. § 44.304(a). The regulations governing charge-based investigations specifically set out the statutorily mandated information that IER must provide as notice of a charge to a respondent when it initiates a charge-based investigation under 28 C.F.R. § 44.301(c), including "the date, place, and circumstances of the alleged unfair immigration-related employment practice." *See also* 8 U.S.C. § 1324b(b)(1). In contrast, the regulations governing independent investigations only require notice of the "*commencement* of the investigation." 28 C.F.R. § 44.304(a) (emphasis added). Therefore, the implementing regulations demonstrate IER's independent investigative authority is distinct from its charge-based investigative authority.

ii.  <u>IER's Investigative Authority Is Not Limited by the Statutory Text that Governs EEOC's Investigative Authority</u>

Contrary to SpaceX's assertion, IER's independent investigative authority is based on different statutory language than that of EEOC's, so Title VII's description of EEOC's investigative authority and caselaw interpreting that language simply do not apply to IER's investigations. Congress directed EEOC to notify a respondent of a charge and "make an investigation thereof." Enforcement Provisions, 42 U.S.C. § 2000e-5(b) (2016). In contrast, § 1324b includes statutory language that relates to the investigation of a charge and additional language permitting independent investigations. If Congress had wanted the statutes to be read identically, it would have said so or

8

1    used the same statutory language.  Congress did neither in connection with the

2    relationship between § 1324b and Title VII.  When conducting statutory interpretation,

3    courts "must be careful not to apply rules applicable under one statute to a different

4    statute without careful and critical examination."  *See Gross v. FBL Fin. Servs.*, Inc., 557

5    U.S. 167, 174 (2009) (internal quotations omitted) (declining to adopt a burden-shifting

6    framework to mixed-motive claims under the Age Discrimination in Employment Act of

7    1967 where the statutory language differed from Title VII).

8         SpaceX's unreasonable statutory interpretation argument also fails under

9    OCAHO's consistent interpretation of IER's independent investigative authority.

10   OCAHO, the administrative tribunal that Congress specifically tasked with adjudicating

11   actions under § 1324b, rejected SpaceX's reliance on inapplicable EEOC case law

12   because of the differences between the statutes.  *See In Re Investigation of Space*

13   *Exploration Technologies Corp. d/b/a SpaceX*, 14 OCAHO no. 1378, 3, 2020 WL

14   7319344, at *2 (Dec. 1, 2020) ("Petitioner's reliance upon the Tenth Circuit cases is

15   misplaced given that the subpoenas in those cases were issued pursuant to EEOC

16   statutes.").  Indeed, OCAHO has repeatedly recognized IER's authority to broaden the

17   scope of an existing investigation beyond the allegations made in a charge and noted that

18   IER's independent investigative authority "exists independent of whether a charge was

19   filed."  *See United States v. Mar-Jac Poultry, Inc.*, 10 OCAHO no. 1148, 7-8, 2012 WL

20   2950407, at *6 (Mar. 15, 2012) (citing *In Re Investigation of Wal-Mart Distribution Ctr.*

21   *# 6036*, 5 OCAHO no. 788, 551, 1995 WL 706043, at *2 (Aug. 3, 1995)).  For these

22   reasons, SpaceX's statutory interpretation lacks any legal support from the plain

23   language of the statute, its implementing regulations, and relevant caselaw.

24              iii.   Section 1324b(f) Does Not Limit IER's Independent Investigative

25                     Authority or Access to Evidence in an Independent Investigation

26         SpaceX points to the portion of the statute governing IER's access to evidence

27   while investigating, 8 U.S.C. § 1324b(f)(2), to argue IER's independent investigative

28   authority is somehow more limited than its charge-based investigations, but the statutory

9

language provides no support for SpaceX's argument.  To the contrary, the plain language of § 1324b(f)(2) granting IER "reasonable access to examine evidence of any person or entity being investigated," does not distinguish between charge-based investigations and independent investigations, and therefore supports IER's independent investigative authority.  As such, SpaceX's reliance on *EEOC v. Royal Caribbean Cruise, Ltd.*, 771 F.3d 757 (11th Cir. 2014), and other EEOC cases, is misplaced, as the courts focused their analysis on EEOC's ability to obtain evidence not related to a charge, but IER's statutory authority to obtain evidence, unlike EEOC's, is not limited to charges.  *See also EEOC v. TriCore Reference Lab'ys*, 849 F.3d 929, 937-38 (10th Cir. 2017) (relying on the analysis of 42 U.S.C. § 2000e–8(a) in *EEOC v. Burlington N. Santa Fe R.R.*, 669 F.3d 1154, 1156 (10th Cir. 2012) (analyzing the relevance of the requested evidence based on the statutory text in 42 U.S.C. § 2000e–8(a));  *EEOC v. Packard Elec. Div., Gen. Motors Corp.*, 569 F.2d 315, 317 (5th Cir. 1978) (analyzing relevance for an EEOC investigation based on the statutory text in 42 U.S.C. § 2000e–8(a)).

### B.  The Subpoena Seeks Information Relevant to IER's Investigation

The Application to Enforce the Subpoena and its supporting brief establishes here, as OCAHO previously found, that the information sought by the Subpoena is highly relevant to its pattern or practice investigation, satisfying the third prong of the subpoena-enforcement test.  *See* Appl. Br. 9-11; *SpaceX*, 14 OCAHO no. 1378 at 4 (2020), 2020 WL 7319344, at *3 (2020); *see also In Re Investigation of Hyatt Regency Lake Tahoe*, 5 OCAHO no. 751 at 243 (1995), 1995 WL 421698, at *4 (finding "unequivocally relevant" Forms I-9 and supporting documents to IER's investigation of discrimination or unfair documentary practices).  Evaluating the relevance of information sought by an administrative subpoena is "not especially constraining," and the subpoena must be enforced unless the information sought is "plainly incompetent or irrelevant to any lawful purpose of the agency."  *Karuk*, 260 F.3d at 1076 (internal quotation marks omitted).  A district court's role is "straightforward": it should satisfy

itself that the information sought is relevant, and it should not use the enforcement proceeding to test the strength of the underlying complaint. *EEOC v. Nationwide Janitorial Servs.*, Inc., 2018 WL 4563053, at *2 (C.D. Cal. Aug. 17, 2018), report and recommendation *adopted sub nom. EEOC v. Nationwide Janitorial Servs., Inc.*, 2018 WL 4562952 (C.D. Cal. Sept. 20, 2018) (quoting *EEOC v. McLane Co.*, 137 S.Ct. 1159, 1165 (2017) (internal citations omitted). At the investigative stage, relevance is even more generously construed, as it "sweeps more broadly than it would at trial." *See EEOC v. McLane Co.*, 857 F.3d 813, 815 (9th Cir. 2017) (finding that the relevance standard is broader during an investigation because, at that stage, agencies are trying to determine whether discrimination occurred). A district court may give deference to an administrative law judge's evaluation of relevance, as ALJs are "in a better position to ascertain evidence's relevance." *NLRB v. Kava Holdings, Inc.*, 2017 WL 3841780, at *3 (C.D. Cal. Aug. 8, 2017) (noting that the level of deference a district court must give to an admirative law judge's decision is unclear, but acknowledging the district court may defer to the ALJ's decision).

> i.   <u>The Subpoena Seeks Information Essential to Its Valid</u>
>      <u>Investigation of Whether SpaceX is Engaging in a Pattern or</u>
>      <u>Practice of Discrimination</u>

The Charging Party's allegations and SpaceX's own filings show that the Subpoena seeks information relevant to SpaceX's potentially discriminatory practices broadly occurring during the company's screening and hiring processes. First, SpaceX admitted in its brief to OCAHO that it employs a unified hiring procedure (Sandoval Decl. Ex. 5 Petition to Revoke or Modify Subpoena, at 16-40, ECF No. 1-3), making information about the company's hiring practices across its different locations relevant. Second, it freely admitted in its Opposition that it asked Charging Party to identify his citizenship status on his application and asked during his interview that he confirm his "citizenship and immigration status," (SpaceX Opp'n 3), which suggests that such questions are part of SpaceX's general screening and hiring processes. Third, As Mr.

Tallmadge's complete feedback memo makes clear, SpaceX viewed Charging Party's non-U.S. citizen status as an impediment to hiring him. Sandoval Decl. II, Ex. 2 (containing a hiring manager's statement, "Not a US citizen which is going to make it hard . . . ."). This indicates that citizenship status may have been impermissibly considered as to Charging Party, as well as at a systemic level. IER need not "take SpaceX at its word" that there is no pattern or practice of discrimination; SpaceX's own filings are clear proof IER should not do so. *Nationwide Janitorial Servs.*, Inc., 2018 WL 4563053, at *2 (2018). IER has clearly met prong three of the subpoena-enforcement test.

        ii.        <u>IER Is Not Required to Demonstrate a Reasonable Belief That a Violation Occurred Prior to Accessing Information Relevant to an Independent Investigation</u>

SpaceX alternatively argues that if IER's investigation is not charge based, IER must demonstrate the reasonable belief justifying its independent investigation to access the investigated entity's relevant evidence. However, this fabricated requirement has no support in the text of the statute. The statute provides that IER shall have "reasonable access to examine evidence," and does not condition IER's access on "demonstrating a reasonable belief that a violation occurred." *Compare* 8 U.S.C. § 1324b(f)(2) *with* SpaceX Opp'n 13. The total absence from § 1324b of any reference to SpaceX's fabricated requirement certainly means that it cannot be a pre-condition to IER's accessing relevant evidence, whether through subpoena enforcement or otherwise. Here, SpaceX does not articulate how producing the Form I-9 supporting documents would contradict the statute's grant of "reasonable access" to evidence during an investigation. 8 U.S.C. § 1324b(f)(2). Further, IER has demonstrated to this Court and OCAHO that the Form I-9 attachments are relevant to its investigation. Appl. Br. 9-11.

The Justice Department's regulations implementing IER's authority to investigate lend no support to SpaceX's meritless argument that IER must demonstrate the basis for its investigation to access relevant evidence. As previously discussed, the initiation of an

independent investigation is permissible if IER has a "reason to believe" an entity is engaged in discrimination prohibited under 8 U.S.C. §1324b.  The regulation requires it to notify a respondent of the *commencement* of the investigation, not provide respondent the details of why it opened an independent investigation.  IER satisfied this requirement by notifying SpaceX of the charge-based investigation and concurrent independent investigation on June 8, 2020.[2]  Additionally, OCAHO has consistently found, including in ordering SpaceX to comply with this Subpoena, that IER does not have to disclose the reasons for its independent investigation to the company to obtain evidence from it.  *See SpaceX*, 14 OCAHO no. 1378 at 3, 2020 WL 7319344, at *2-3 (2020) (rejecting SpaceX's contention that "IER's refusal to explain its reason for investigating" rendered the Subpoena unenforceable); *see also In Re Investigation of Carolina Emps. Ass'n, Inc.*, 3 OCAHO 455, 611, 1992 WL 535611, at *5 (Sept. 17, 1992) ("[P]etitioner is in error in asserting that [IER] should be instructed to disclose the nature of the allegations being investigated as a condition precedent to obtaining the information and documents being sought" as part of an independent investigation).[3]

### C.  The Subpoena is Narrowly Tailored and Reasonable

The Subpoena is reasonable and not overly broad because it is narrowly tailored in both time and scope; it seeks only Form I-9 supporting documents for a one-year period. Appl. Br. 12.

---

[2] Furthermore, on August 13, 2020, IER reiterated to SpaceX that its investigation "is also exploring whether Respondent engages in any pattern or practice of discrimination that 8 U.S.C. 1324 prohibits, including citizenship status discrimination in violation of 8 U.S.C. 1324b(a)(1)(B) and possible use of unfair documentary practices based on citizenship status or national origin in the employment eligibility verification process in violation of 8 U.S.C. § 1324b(a)(6)." IER August 13, 2020 Letter, Cardaci Decl. Ex. 4, at 25, ECF No. 19-5.

[3] SpaceX's fabricated requirement is also contrary to basic principles governing federal law enforcement investigations, including those that limit disclosure of information revealing law enforcement techniques. *See, e.g.*, Public Information, 5 U.S.C. § 552(b)(7)(E) (2009).

13

1        In characterizing the Subpoena as "overbroad and unreasonable," SpaceX

2  primarily reiterates its relevance arguments.  As SpaceX has already conceded the

3  relevance of the Forms I-9, which it has produced, it cannot now draw the line at the

4  Form I-9 supporting documents, which comprise part of the Form I-9.  8 C.F.R. §

5  274a.2(b)(3) (June 18, 2020).  Arguing that IER has not justified its "wide-ranging"

6  Subpoena, SpaceX misleadingly cites *EEOC v. McLane Co.*, 2012 WL 1132758, at \*5

7  (D. Ariz. Apr. 4, 2012) for the proposition that a request for company-wide data of

8  employees' personal information (e.g., name, phone number, address, gender) was

9  irrelevant to an investigation of a company's potential systemic discrimination.  But on

10  remand from the Supreme Court, the 9th Circuit overturned that decision, reaching the

11  opposite conclusion under an abuse of discretion standard—that the personal information

12  sought by EEOC *was* relevant to the agency's pattern or practice investigation.  *See*

13  *EEOC v. McLane Co.*, 857 F.3d at 816.

14        The Subpoena also meets all Fourth Amendment requirements, contrary to

15  SpaceX's suggestion.  As a threshold matter, SpaceX's brief does not make clear what

16  specific Fourth Amendment concerns it can even raise regarding its employees'

17  photocopied Form I-9 attachments, but even assuming that it can and has properly raised

18  Fourth Amendment concerns, the Subpoena meets the Fourth Amendment's

19  reasonableness inquiry.  "[I]t is sufficient [for Fourth Amendment purposes] if the

20  inquiry is within the authority of the agency, the demand is not too indefinite and the

21  information sought is reasonably relevant."  *United States v. Golden Valley Elec. Ass'n*,

22  689 F.3d 1108, 1115 (9th Cir. 2012).  This Fourth Amendment reasonableness test

23  largely replicates the subpoena-enforcement test extensively briefed in this proceeding.

24  IER has already demonstrated that the inquiry is within its investigative authority, Appl.

25  Br. 7-8, and that the attachments to the Form I-9 are relevant to IER's investigation,

26  Appl. Br. 9-11.

27        The Subpoena is also definite.  The Subpoena identifies the underlying Form I-9

28  data—which SpaceX produced on August 28, 2020—and requests copies of the

following documents: "(1) any and all attachments to the Form I-9, (2) any E-Verify related printouts or other E-Verify document related to the Form I-9, and (3) any employment eligibility verification documentation related to the Form I-9." Subpoena No. 2021S00001, Sandoval Decl. Ex. 3 at 12, ECF No. 1-3. The Subpoena is very specific about the timeframe for this information: since June 1, 2019. Consequently, the Subpoena fully complies with the Fourth Amendment, and SpaceX may only challenge the enforcement of the Subpoena if it is overbroad or unduly burdensome. *Golden Valley Elec. Ass'n*, 689 F.3d at 1115. SpaceX does not challenge the burdensomeness of the Subpoena, (SpaceX Opp'n 9), nor can the Subpoena be considered overbroad.

## IV.   Conclusion

Having met all the procedural prerequisites and satisfied all applicable legal standards, the United States requests an Order from this Court requiring SpaceX to comply with the Subpoena within 14 days.

Dated: March 12, 2021

Respectfully submitted,

JENNIFER A. DEINES
Acting Deputy Special Counsel
C. SEBASTIAN ALOOT
Special Litigation Counsel

  /s/ *Lisa R. Sandoval*
LISA R. SANDOVAL
SEJAL P. JHAVERI
Trial Attorneys
Attorneys for the United States