UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Misc. 21-43 DMG (MRWx) | Date | March 19, 2021 |
|---|---|---|---|
| Title | United States v. SpaceX | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | ZoomGov 3/18/2021 |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Petitioner:<br>Lisa Sandoval<br>Sejal Jhaveri | Attorneys for Respondent:<br>Charles Connolly<br>James Tysse<br>Jessica Ro |

**Proceedings:** ORDER RE: CASE STATUS

    1.    The Court conducted another video hearing with the parties this week regarding the fully-briefed application. During the hearing, the Court offered the government the opportunity to meet <u>in camera</u> and outside the presence of SpaceX to discuss the initiation of its investigations into the company. Notably, SpaceX did not object to the proposal, and candidly suggested that this procedure might moot many of its articulated challenges to the subpoena.

    2.    The Court subsequently received a letter from the government's lawyers declining the <u>in camera</u> offer. The government stated that such a confidential disclosure is "not necessary nor required" in the action.[1]

    3.    They're right – it's not. I never said it was. Rather, the offer was intended to expedite the Court's consideration of the matter and resolve aspects of the dispute without expending judicial resources unnecessarily. Fed. R. Civ. P. 1 (federal court procedures should be used "to secure the just, speedy, and inexpensive determination of every action").

    4.    So, instead of going that route, the Court will rule on the government's application based solely on the closed briefing and the discussion at our recent hearing. To the extent that the Court is required to exercise its discretion or make factual conclusions regarding the matter, <u>McLane v. EEOC</u>, ___ U.S. ___, 137 S. Ct. 1159, 1165

---

    [1]    The government's letter cited administrative decisions for the proposition that this information need not be provided to the <u>subject</u> of an investigation. That principle is not particularly relevant to the Court's inquiry, as SpaceX would not have been a participant in the discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | Misc. 21-43 DMG (MRWx) | Date | March 19, 2021 |
|---|---|---|---|
| Title | United States v. SpaceX | | |

(2017); EEOC v. McLane, 857 F.3d 813, 816 (9th Cir. 2017) (same action on remand), it will do so without the government augmenting the Court's knowledge as offered.

    5.    No further proceedings will be scheduled nor will additional briefing be received.

: 20<br>Initials of Preparer: vp